E-FILED
Tuesday, 28 February, 2006  03:36:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DALE HARRIS and ROSA HARRIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-1135 |
| ) | |
| JOSEPH RINALDI, ET AL, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint [Doc. # 5]. For the reasons that follow the motion will be granted in part and denied in part.

### BACKGROUND

The following facts are alleged in the Complaint and will be accepted as true for the purposes of Defendants' motion. Defendant Joseph Rinaldi ("Rinaldi") is a registered representative of Defendant Intersecurities, Inc., ("Intersecurities"), and also was an insurance broker affiliated with "one or more" of the remaining Defendants. On March 20, 2000, Rinaldi contacted Plaintiffs and requested a meeting to "present a plan to consolidate their present annuities into one fund which Rinaldi advised Plaintiffs would have more growth than their present annuities." On March 27, 2000, Rinaldi met with Plaintiffs at their home. During that meeting Rinaldi represented to Plaintiffs that (1) he possessed extensive knowledge and expertise in annuities; (2) he would "professionally and prudently" reallocate Plaintiffs' fixed annuities by reinvesting the money in "safe and secure" variable annuities which would be as safe as fixed annuities and which would "have more

growth"; (3) he would prepare the paperwork necessary to convert the annuities and "return [the paperwork] to Plaintiffs in order that [they] could make a determination whether or not to invest in the variable annuities that Defendant Rinaldi recommended"; (4) the annuities would be provided to Plaintiffs "for examination or rejection" as required under state law. Rinaldi instructed Plaintiffs to sign blank forms which he would later complete, but he was not to implement any new contracts or take any further action without Plaintiffs' approval. Consequently, Rinaldi was not suppose to cancel Plaintiffs' fixed annuities or invest in variable annuities without further approval from Plaintiffs.

Despite these representations, Rinaldi reinvested the funds from Plaintiffs fixed annuities, without consideration of what income the new annuities would produce, the safety of the investment, and the age and needs of Plaintiffs. Defendants failed to deliver the new annuity contracts to Plaintiffs until more than 23 months after they were issued. Further, after the contracts were delivered by Rinaldi he "concealed the portion of the contract regarding the plaintiffs' right to reject so that said portion was not visible." Plaintiffs allege that "Defendants falsely and fraudulently represented to plaintiffs when the annuities were delivered to plaintiffs that nothing could be done and that they had to retain said annuities although defendant knew that plaintiffs had a right of rejection as provided by [state law]." Plaintiffs notified Defendants of their intent to surrender and cancel the annuity contracts on numerous dates (the exact dates of which are not known to Plaintiffs).

Plaintiffs claim that (1) Defendants willfully failed to carry out their duties regarding Plaintiffs' investments (Count I), (2) Defendants negligently failed to carry out their duties regarding Plaintiffs' investments (Count II), (3) Defendants' conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Count III), (4) Defendants' conduct constituted common law fraud (Count IV) and constructive fraud (Count V), (5) Defendants' breached their "fiduciary relationship" with Plaintiffs (Count VI), (6) Defendants illegally concealed Plaintiffs rights under state law to rescind the new annuities (Count VII), and (7) Defendants violated the Securities Exchange Act of 1934 (Count VIII). Defendants have moved to dismiss the Complaint.

## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiffs and the Complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994).

## ANALYSIS

In support of their motion to dismiss, Defendants argue that (1) Plaintiffs' fraud based claims fail because the Complaint

allegations do not meet the particularity requirements of Fed. R. Civ. P. 9(b); (2) the fraud based claims fail because they are based on forward looking statements; (3) the Complaint fails to allege any Defendant other than Rinaldi made any representations to Plaintiffs; (4) Plaintiffs have not alleged the necessary elements of a Securities Act claim (Count VIII) because they have not alleged the requisite scienter or misstatement of material fact; (5) Defendants did not violate state law regarding Plaintiffs' right to rescind the new annuities (Count VII); (6) Plaintiffs' Count I is not actionable under Illinois law, and (7) Plaintiffs' claims are all time barred.  The Court will address each argument in turn.

**A.   Plaintiffs' fraud based claims meet the requirements of Fed. R. Civ. P. 9(b).**

Fed. R. Civ. P. 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

The Seventh Circuit has interpreted Rule 9(b) to require a complaint state the misrepresentation, omission, or other action or inaction that the plaintiff claims was fraudulent, but it has not required the complaint to explain plaintiff's theory of the case. Midwest Commerce Banking v. Elkhart City Centre, 4 F.3d 521, 523 (7th Cir. 1993).  Thus, a complaint alleging fraud must set forth the date and content of the statements or omissions which are claimed to be fraudulent, but it need not go further and allege facts necessary to show that the alleged fraud was actionable. Id. at 524.

4

Defendant argues the Complaint allegations regarding Rinaldi's representations do not meet the requirements of Rule 9(b) because (1) the statements are not actionable, and (2) Plaintiffs have not alleged how the representations are false. However, as stated above, Rule 9(b) does not require Plaintiffs to plead more than the date of and content of the allegedly fraudulent representation. Consequently, the Court finds the allegations regarding Rinaldi's representations satisfy the requirements of Rule 9.

**B.   Fraud based claims based on forward looking statements can be actionable.**

Under Illinois law, "misrepresentations of intention to perform future conduct, even if made without a present intention to perform, do not generally constitute fraud." <u>HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.</u>, 545 N.E.2d 672, 682 (Ill. 1989). However, Illinois courts have found forward looking statements actionable where "the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." <u>Id.</u> In this case, Plaintiffs have alleged that Defendant Rinaldi made various representations of what he would do in the future--including the representation that he would not initiate any contracts without Plaintiffs' prior approval--to induce Plaintiffs to sign blank contracts which in turn were used to purchase "riskier" investments (presumably without Plaintiffs' approval). This claim is actionable under Illinois law. <u>See Concord Industries, Inc., v. Harvel Industries Corp.</u>, 462 N.E.2d 1252, 1255 (Ill. App. 1984) ("Where a party makes a promise of performance, not intending to keep the promise but intending for another party to rely on it, and where that other party relies upon

5

it to his detriment, the false promise will be considered an intended scheme to defraud the victim and will be actionable.")

**C. The Complaint allegations against all Defendants are sufficient to satisfy the requirements of Fed. R. Civ. P. 8.**

Defendants also argue that Plaintiffs' failure to allege any representations were made by any Defendant other than Rinaldi is fatal to their claims against the other Defendants.  However, Plaintiffs have alleged that Rinaldi was an agent of "one or more" of the other Defendants.  Defendants reply that Plaintiffs' Complaint "lacks sufficient allegations to attribute Rinaldi's alleged behavior to any of the entities named."  The Court disagrees.  A complaint need not spell out every element of a legal theory to provide notice of a claim.  Scott v. City of Chicago, 195 F.3d 950, 952 (7th Cir. 1999).  Thus, Plaintiffs' allegations that Rinaldi was acting in an agency capacity for the remaining Defendants is sufficient to satisfy federal notice pleading standards.  See Jackson v. Marion County, 66 F.3d 151, 154 (7th Cir. 1995) (plaintiff can plead conclusions as long as those conclusions provide the defendant with minimal notice of the claim).

**D. Plaintiffs have not alleged the necessary elements of a Securities Act claim (Count VIII).**

Private actions brought under the Private Securities Litigation Reform Act (PSLRA) in which the plaintiff alleges that the defendant made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made not misleading must specify (1) each statement alleged to have been misleading, (2) the reason or reasons why the

6

statement is misleading, and, (3) if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed. 15 U.S.C. 78u-4(b)(1). In this regard, the PSLRA's pleading requirements are more stringent than even Fed. R. Civ. P. 9(b). In this case, Plaintiffs have failed to satisfy the first two requirements because they have failed to specifically point out the misleading statements, and they have not specified why the statements are misleading. Accordingly, Count VIII of the Complaint is dismissed.

**E.  Defendants did not violate state law regarding Plaintiffs' right to rescind the new annuities (Count VII).**

Plaintiffs claim Defendants illegally concealed Plaintiffs rights under state law to rescind the new annuities. 215 ILCS 5/226(h) requires that an annuity contract contain a clause allowing the insured to surrender the policy in ten days by written notice. Plaintiffs do not allege that the annuity contracts at issue did not contain this provision, but instead allege Defendants failed to advise Plaintiffs of their recision rights and "concealed" the portions of the contracts which contained their recision rights. As such, Plaintiffs claim are not independently actionable under 215 ILCS 5/226(h) but merely another aspect of their fraud claims. Accordingly, Count VII is dismissed.

**F.  Plaintiffs' Count I is not actionable under Illinois law.**

Both Parties seem to agree that "willful and wanton" conduct is not an independent cause of action under Illinois law. Plaintiffs argue that they have separately plead this conduct as a matter of practice to distinguish reckless conduct from merely

7

negligent conduct for the purposes of exemplary damages. With this in mind the Court will grant Defendants' motion in so far as there is no independent action for "willful and wanton conduct." However, the Court will allow Plaintiffs' factual allegations grouped under this count to remain in the Complaint to support their claims for punitive damages.

**G. Dismissal of the Complaint at this stage based on the affirmative defense of an expired statute of limitations is not warranted.**

Defendants argue that Plaintiffs' claims are barred by the applicable statute of limitations.[1] In response, Plaintiffs have invoked the discovery rule, arguing the statute of limitations has not expired. The Seventh Circuit has "deemed it irregular to dismiss a claim as untimely" at the motion to dismiss stage of litigation. See Covington v. Mitsubishi Motor Manufacturing of America, Inc., No. 04-3730 (7th Cir. Nov. 15, 2005) (unpublished order). "[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" Id. (citing Xechem, Inc v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004). In this case, the Court cannot say that Plaintiffs have pled themselves out of Court as to the statute of limitations defense. Accordingly, the Court will deny Defendants' motion in this regard.

---

[1] The Parties also dispute what statute of limitations is applicable in this case. Because the Court finds the statute of limitations is not an appropriate basis upon which to dismiss the case at this point in time, it will defer its ruling on this issue.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint [Doc. # 5] is GRANTED IN PART and DENIED IN PART.  It is granted with respect to Counts VII and VIII of the Complaint and with respect to Count I to the extent Plaintiffs are attempting to claim an independent tort of willful and wanton conduct.  It is denied in all other respects.

IT IS FURTHER ORDERED that this case is referred to Magistrate Judge Gorman for further pretrial proceedings.


Entered this ___28th___ day of February, 2006.


                                                            s/ Joe B. McDade
                                                           JOE BILLY McDADE
                                       United States District Judge